IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**PORSHA SIERRA CARTLIDGE**                                                   **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO.:1:20-CV-161—DAS**

**COMMISSIONER OF SOCIAL SECURITY**                               **DEFENDANT**

**MEMORANDUM OPINION**

The plaintiff, Porsha Sierra Cartledge, seeks judicial review of the Social Security Administration's decision denying her application for Supplemental Security Income. The plaintiff asserts four errors on this appeal. The undersigned, having reviewed and considered the record, briefs and oral argument and having considered the applicable regulations and case law in this matter, finds that the decision of the Commissioner of Social Security should be reversed, and the action remanded for further proceedings.

**FACTS**

Porsha Cartlidge filed for benefits on August 24, 2017, alleging onset of disability commencing on July 5, 2017. The plaintiff alleges she has been disabled with schizophrenia and depression. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on June 13, 2019. (Dkt. 11 p.15-31).[1] The Appeals Council denied the request for review, and this timely appeal followed.

---

[1] The administrative record is Docket 11. Unless otherwise indicated, all references are to the administrative record. The page cites are to the court's numbering system, rather than the administrative numbering.

1

The ALJ determined Cartlidge had the following severe impairments: schizophrenia and a major depressive disorder. The ALJ found she retained the residual functional capacity (RFC) to perform simple routine repetitive work at all exertional levels. She can have no interaction with the public and is limited to only occasional, brief interaction with coworkers. She is to work with objects more than people. She requires supervision at a basic level and is not to work in a job requiring fast-paced production work. She can only work at jobs with gradual changes in job duties or work environment. She has no past relevant experience, but the ALJ found, based on the testimony of the vocational expert, that there were other jobs in the national economy within her RFC. The VE testified to three medium level jobs: laundry worker with 85,000 jobs, housekeeper with 70,000 jobs, and equipment washer with about 150,000 jobs in the national economy.

## ANALYSIS

The plaintiff asserts four errors. She argues that the ALJ erred in his review and conclusions regarding the report of Dr. Philip Drumheller, Ph.D. She also argues the ALJ erred at Step Five, when he found that the claimant was moderately restricted in all four functional areas of the "B" criteria. She argues that because the moderate restrictions were across the board, that Cartlidge was more limited than the ALJ found. She also argues the ALJ did in not understand that Ability Works was a sheltered workshop. Finally, Cartlidge argues the ALJ should have found she met a listing based on her intellectual impairments.

1. **<u>EVALUATION OF DR. DRUMHELLER'S REPORT</u>**

The ALJ evaluated Dr. Drumheller's report and clearly relied upon it when he created the RFC. Among other things the plaintiff argues the ALJ erred when he considered Drumheller's suggestion that the plaintiff might be malingering, but he did not consider Drumheller's note concerning her five previous suicide attempts. The Commissioner argues that her mental health before this July 2015 examination is not relevant, arguing there is an absence of evidence of suicidal ideation during the relevant period. But the Commissioner's brief candidly points to the real error in the evaluation of Drumheller's report when noting he "performed a consultative psychological examination of Plaintiff on July 14, 2015, approximately two years and two months before her current SSI application." (Commissioner's Brief p. 5) The courts have held medical evidence and opinions are not automatically irrelevant either because of predating the date of onset,[2] or for coming after a hearing date or other pertinent events.[3] But here the court is confronted with a decision where the ALJ -- without apparently recognizing that he was doing so -- found a claimant was not disabled based on data predating the pertinent period. The ALJ does not explain how these records remained relevant to the decision, and the records themselves do not demonstrate continuing relevance and persuasiveness. Furthermore, the ALJ did not just

---

[2] *Randle v. Astrue*, Civil Action No. 1:20-cv-79, Docket 24 (N.D. Miss. Feb. 16, 2021)(ALJ erred in failing to address functional limitations assessed by a treating specialist twelve days before the alleged onset. Report and Recommendation1 p.16-18) adopted *Randle v. Astrue*, Civil Action No. 1:20-cv-79, Docket 25 (N.D. Miss. June 8, 2021); *Davidson v. Colvin,* 164 F. Supp. 3d 926 (N.D. Tex 2015)(ALJ erred in failing to consider pre-onset opinions regarding capacity to sustain employment because of recurrent hepatitis); compare *Cauthen v. Commissioner,* 415 Fed. Appx. 444, 446 (5th Cir. 2020) (Because "the medical records during the applicable period were either normal or unrelated to Cauthen's determinable impairments" the pre-onset records were arguably irrelevant."); *but see Johnson v. Bowen,* 864 F. 2d 340 (5th Cir. 1988) (A 1983 opinion did not need to be considered where the plaintiff returned to work thereafter and only claimed disability beginning in 1985).
[3] *Durden v. Astrue*, 586 F. Supp. 2d 828 (S.D. Tex. 2008) (An IQ test in adulthood creates a rebuttable presumption of IQ before the age of 22); *Harley v. Colvin,* 3:13-cv-311 (N.D. Miss. Oct. 14, 2014) (Appeals Council erred in finding an IQ test taken performed shortly after the ALJ's decision, which found the claimant had a full-scale IQ of 59, was not relevant to the time of the ALJ's decision.)

discuss Drumheller's report in making the decision, but included several other references to other treatment records, reports, and opinions dating from before the onset by up to two years. This is clear error. Because the plaintiff was diagnosed with bipolar disorder and/or a personality disorder when Drumheller examined her but was later diagnosed with schizophrenia during the relevant time, the error is prejudicial.

## OTHER ASSIGNED ERRORS

The plaintiff argues the ALJ erred at Step Five when he found only moderate limitations under the "B" criteria though the plaintiff suffered from schizophrenia and a major depressive disorder. She argues that four moderate limitations should be equivalent to two severe limitations and mandate a finding of disability. While the evidence would support findings more favorable to the claimant, the decision is supported by substantial evidence.[4]

The court also rejects the plaintiff's argument that the ALJ did not seem to understand that Ability Works was a sheltered workshop. It is very clear in the record that the plaintiff's work with this organization was sheltered work and nothing in the opinion indicates the ALJ failed to recognize this fact.

The plaintiff also asserts the ALJ erred when he did not consider whether she met Listing 12.05. Despite the IQ scores, there is evidence that the plaintiff in 2015 did not have adaptive deficits, but again this is prior to the relevant period. This may have been prejudicial error. Because the case is being remanded on other grounds, the agency shall address this Listing on remand.

---

[4] The plaintiff also interprets the job description and SVP class for the three jobs listed by the vocational expert to argue that these jobs are inconsistent with the restriction to simple work and would also require more interaction with coworkers than allowed in the RFC. The court disagrees that there is any conflict between VE testimony and the DOT. As the Commissioner points out each job has a "people rating" of 8 which is the lowest interaction level.

## **CONCLUSION**

This decision of the Commissioner is reversed and remanded for proceedings consistent with this opinion.

**THIS** the 18th day of August, 2021.

/s/ **David A. Sanders**
**U.S. MAGISTRATE JUDGE**